**Dallas HAMILTON, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

**No. 04–36097.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.[2]

Decided Dec. 13, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PMB #294, West Linn, OR, for Plaintiff–Appellant.

David M. Blume, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and BURNS,[3] District Judge.

### MEMORANDUM [1]

Dallas Hamilton appeals the district court's decision upholding the determination of the administrative law judge ("ALJ") that Hamilton was not entitled to disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Our review must consider whether the ALJ's finding was supported by substantial evidence and was free of legal error. *Batson v. Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004). Hamilton claims he is disabled due to a gunshot wound to the head. He has organic brain syndrome and dementia, a history of anxiety and depression, possible bipolar disorder and a history of polysubstance abuse. Hamilton argues the ALJ erred in refusing to fully credit the opinions of his treat-

---

**3.** The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing psychiatrist, finding Hamilton less than fully credible, and assessing Hamilton's residual functional capacity ("RFC") without sufficiently accounting for Hamilton's concentration deficit and side effects of his medication.

■ The ALJ rejected in part the opinions of Hamilton's treating psychiatrist because they were not based on medically acceptable clinical or laboratory diagnostic techniques, and because they were based primarily on Hamilton's self-reporting which was inconsistent with the medical record. When a treating physician's opinions do not have supporting objective evidence, are contradicted by other medical records and are based on the patient's subjective descriptions of symptoms, the ALJ need not fully credit them. *Batson*, 359 F.3d at 1195. Upon review of the record, we find the ALJ's reasons for rejecting the psychiatrist's opinions are supported by substantial evidence and free of legal error.

■ The ALJ found Hamilton's claims regarding the severity of his symptoms less than fully credible based on his multiple contradictory statements. The ALJ also determined Hamilton was uncooperative and did not comply with his prescribed course of treatment. Ordinary credibility factors, such as prior inconsistent statements concerning symptoms, and inadequately explained failure to seek treatment or to follow a prescribed course of treatment are reasons to find a claimant's testimony about the severity of his symptoms not credible, even when there is medical evidence establishing a basis for some degree of the symptomology. *Smolen v. Chater*, 80 F.3d 1273, 1281–82, 1284 (9th Cir.1996). Upon review of the record, we find the ALJ's reasons for not fully crediting Hamilton's claims regarding the severity of his symptoms are supported by substantial evidence and free of legal error.

The ALJ included Hamilton's poor ability for sustained concentration in his RFC assessment and included this limitation in the hypothetical question posed to the vocational expert. His omission from the RFC and the hypothetical of failure to complete tasks in a timely manner was not required, *see Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002), and therefore did not result in error.

■ The ALJ did not include side effects from medication in the RFC. Side effects are a factor to be considered in the formulation of an RFC. Social Security Ruling ("SSR") 96–8p, *available at* 1996 WL 374184; SSR 96–7p, *available at* 1996 WL 374186. However, as the record in this case did not support Hamilton's claims regarding side effects, the ALJ did not err in omitting them from the RFC assessment.

**AFFIRMED.**